**Rubin STERNGASS, Plaintiff–Appellant,**

v.

**PALISADES INTERSTATE PARK COMMISSION, The State of New York, The Town Supervisor of the Town of Orangetown, Defendants–Appellees.**

No. 06–1073–cv.

United States Court of Appeals, Second Circuit.

Jan. 18, 2008.

Rubin Sterngass, pro se, Valley Cottage, New York, for Plaintiff–Appellant.

David Lawrence III, Assistant Solicitor General (Michael S. Belohlavek, Senior Counsel, Division of Appeals and Opinions, on the brief), for Eliot Spitzer, Attorney General of the State of New York, for Defendants–Appellees.

Present: Hon. SONIA SOTOMAYOR, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. GREGORY W. CARMAN, Judge, U.S. Court of International Trade.

### SUMMARY ORDER

Plaintiff-appellant Rubin Sterngass, *pro se,* appeals from the December 20, 2005 judgment of the United States District Court for the Southern District of New York (McMahon, J.) dismissing his civil action, *sua sponte.* We presume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* a district court's *sua sponte* dismissal of a complaint. *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir.2004).

Appellant's complaint is properly construed as a 42 U.S.C. § 1983 claim for deprivation of property without due process of law. *See Mitchum v. Foster,* 407 U.S. 225, 242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972). Any such claim accrued when appellant knew or had "reason to know of the injury that is the basis of the action," *M.D. v. Southington Bd. of Educ.,* 334 F.3d 217, 221 (2d Cir.2003), that is, either when his land was seized in 1964, or, at the latest, in 1972 when the appeal from the judgment of the state court proceedings awarding Appellant compensation for the seizure of his land was dismissed. For § 1983 actions arising in New York, the statute of limitations is three years. *See Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994). Thus, the latest that Appellant's cause of action accrued was 1972,

approximately 30 years before he filed his complaint in the instant case. The statute of limitations has therefore expired in respect of Appellant's claims.

We have considered Appellant's remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is AF-FIRMED.